■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER CHERROD, Also Known as ALEXANDER SHERROD, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered February 9, 1987, which convicted defendant of burglary in the second degree, attempted burglary in the third degree, and two counts of possession of burglars tools, and sentenced him as a second felony offender to concurrent terms of imprisonment of from 7½ to 15 years on the burglary count, 4 to 7 years on the attempted burglary count, and one year each on the two possession counts, is unanimously modified, on the law, to the extent of vacating the sentence imposed on the attempted third degree burglary

count, and resentencing defendant thereon to a term of imprisonment of from 2 to 4 years, and otherwise affirmed.

Attempted third degree burglary is a class E felony (Penal Law § 110.05 [6]; § 140.20) that carries a maximum term of four years (Penal Law § 70.00 [2] [e]; § 70.06 [3] [e]). Since the sentencing court erroneously treated this count as a class D felony, we vacate the sentence it imposed on this court and resentence defendant to a term of 2 to 4 years, the maximum permitted under the law.

Defendant's contention that the evidence was insufficient as a matter of law is without merit. Especially compelling was the plaster dust on the screwdriver found in defendant's possession at the time of his arrest, indicating that it was he who had pried the mailboxes from the wall of the building he was observed entering and then immediately leaving by the police at 5:30 A.M. Defendant argues that he could not have caused this damage within the four-second interval he was observed to be inside the building, but we do not think the inference too tenuous that he had been at the site, committing the burglary, before the police arrived.

We have reviewed defendant's other contentions and find them without merit. Concur—Murphy, P. J., Sullivan, Asch, Rosenberger and Wallach, JJ.